UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HULITT SHERRARD, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:13-CV-1015 (CEJ) |
| THE BOEING CO., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiffs' individual claims, and plaintiffs' motion to amend their complaint. Both motions are fully briefed and ready for disposition.

I. Background

Plaintiffs Hulitt Sherrard, Tony Bailey, and Demonicel Jackson are African-Americans over the age of 40. They applied for a variety of employment positions with defendant, the Boeing Company, but were not hired. They allege that defendant filled these positions with less qualified white applicants under the age of 40, and that they were passed over due to their race and age. Plaintiffs bring claims of race/national origin discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Count I); race/national origin discrimination under 42 U.S.C. § 1981 (Count II); race/national origin discrimination under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, *et seq.* (Count III); age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* (Count IV); and race/national origin discrimination under the MHRA (Count V).[1] They seek certification

---

[1] Plaintiff's proposed amended complaint corrects Count V to allege age discrimination under the MHRA. [Doc. #16-1].

of two classes of individuals denied employment at defendant's facilities in St. Louis, Missouri due to race or age.[2]

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and are construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Discussion

Defendant moves to dismiss plaintiffs' claims on two bases. First, defendant argues that plaintiffs failed to exhaust their administrative remedies with respect to their claims of national origin discrimination. Plaintiffs now seek to withdraw these

---

[2] Defendant's motion to strike plaintiffs' class claims will be addressed in a separate Memorandum and Order.

-2-

claims, but defendant maintains that they must be dismissed with prejudice. Second, defendant argues that the complaint does not contain sufficient factual allegations to survive a motion to dismiss under Rule 12(b)(6). Plaintiffs respond that any deficiencies of the original complaint are cured by the proposed amended complaint. The Court will address these arguments in turn.

### A. Failure to Exhaust Claims of National Origin Discrimination

To bring suit under Title VII and the MHRA, a plaintiff must first file an administrative charge of discrimination. See 42 U.S.C. §2000e-5(c); Mo. Rev. Stat. §213.075. Plaintiffs filed administrative charges of race and age discrimination, but did not allege discrimination on the basis of national origin. See Def. Exs. A, B, and C [Docs. #10-1; 10-2; 10-3]. Defendant argues that the time period during which plaintiffs might have brought such administrative charges has expired, and therefore the Court should dismiss the unexhausted claims with prejudice. However, because the Court will allow plaintiffs to file an amended complaint that omits claims of national origin discrimination, the Court need not determine whether the omitted claims should be dismissed with or without prejudice.

### B. The Proposed Amended Complaint

Defendant opposes plaintiffs' motion to amend the complaint, arguing that the proposed amendments are futile and fail to cure the deficiencies of the original complaint. Defendant also argues that plaintiffs should not be allowed to add a claim of age discrimination under the MHRA, because that claim was not included in the original complaint and the 90-day right-to-sue period has since expired.

In Count IV of the original complaint, plaintiffs asserted claims of age discrimination based on the ADEA. The allegations supporting the ADEA claim were

incorporated by reference in Count V of the complaint which bore the heading "Missouri Human Rights Act." However in the body of Count V, plaintiffs duplicated the allegations of their race/national origin claims contained in Count III. This was clearly a typographical error, and it is apparent that plaintiffs intended to invoke the MHRA as an additional basis for their age discrimination claims.

The Court will allow plaintiffs leave to amend their complaint. As discussed below, the proposed amendments are not futile. Further, the expiration of the right-to-sue period does not bar plaintiffs from adding a claim of age discrimination under the MHRA, because that claim arises out of the conduct alleged in support of the ADEA claim and therefore "relates back" to the timely-filed original complaint. Fed.R.Civ.P. 15(c)(1)(B). Finally, the defendant will not be prejudiced by the amendment.

C. **Pleading Deficiencies**

The Court will consider the defendant's motion to dismiss as directed to the amended complaint.

Title VII of the Civil Rights Act, Section § 1981, and the MHRA forbid employers from refusing to hire a prospective employee on the basis of race. The ADEA prohibits employers from discriminating against applicants over the age of 40 on the basis of age. To establish a prima facie case of discrimination under Title VII, Section 1981, the MHRA, and the ADEA, plaintiffs must show that they (1) are members of a protected class; (2) were qualified for the positions for which they applied; (3) were denied the positions; and (4) that the defendant filled the positions with individuals outside of the protected class. See, e.g., Arraleh v. County of Ramsey, 461 F.3d 967, 975 (8th Cir. 2006) (explaining the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting analysis as applied to Title VII "failure to hire" cases); Flynn

v. AT&T Yellow Pages, 780 F.Supp.2d 886, 890 (E.D. Mo. 2011) (applying the McDonnell Douglas framework to Title VII, 42 U.S.C. § 1981, MHRA, and ADEA claims).

To survive defendant's motion to dismiss, plaintiffs must plead sufficient "factual content" to "allow the court to draw the reasonable inference" that defendant engaged in discrimination on the bases of race and age. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss… [b]ut complaints alleging discrimination still must meet the 'plausibility standard' of Twombly and Iqbal." Henderson v. JP Morgan Case Bank, N.A., 436 Fed. Appx. 935, 937 (11th Cir. 2011) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002)). When evaluating the "plausibility" of a claim, factual allegations contained in the complaint are accepted as true, while bare legal conclusions are not entitled to any such presumption. Iqbal, 556 U.S. at 678.

In the original complaint, plaintiffs recited the elements of a *prima facie* case of employment discrimination, but neglected to allege facts to raise their legal conclusions to the level of plausibility required by Iqbal. In the amended complaint, however, plaintiffs support their legal conclusions with factual allegations. In the amended complaint, plaintiffs aver that they are members of protected classes, that they applied for certain positions (listed in the complaint), that they were denied these positions despite their qualifications and prior professional experience (the details of which are elaborated upon in the complaint), and that less or equally qualified white and younger applicants were hired for those positions. Defendant suggests that plaintiffs must identify the young, white new hires by name. Plaintiff Sherrard named several of these individuals in his intake questionnaire with the EEOC [Doc. #19-1], and plaintiffs offer

to draft a second amended complaint incorporating the names of these individuals. However, the level of specificity defendant demands is unnecessary, and the factual allegations contained in the amended complaint are sufficient to survive defendant's motion to dismiss. Mallory v. Express Emploment Professionals, No. 12-1645 (DWF/JJK), 2012 WL 6194404, at *6 (D. Minn. Nov. 19, 2012), *report and recommendation adopted by* 2012 WL 6193340 (D. Minn. Dec. 12, 2012) ("[A] complaint that alleges that the plaintiff belongs to a protected class, was qualified for a particular position, and was denied the position, and that someone from outside the protected class was hired, would be sufficient to survive a motion to dismiss.").

\* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to amend the complaint [Doc. #16] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss plaintiffs' individual claims [Doc. #11] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2013.