UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HULITT SHERRARD, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:13-CV-1015 (CEJ) |
| THE BOEING COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss or strike plaintiffs' class claims. Plaintiffs have responded in opposition, and the issues are fully briefed.

**I.    Background**

Plaintiffs Hulitt Sherrard, Tony Bailey, and Demonicel Jackson are African Americans over the age of 40. They applied for a variety of employment positions with defendant, the Boeing Company, but were not hired. They allege that defendant filled these positions with less qualified white applicants under the age of 40, and that they were passed over due to their race and age. In their amended complaint, plaintiffs assert claims of race discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Count I), 42 U.S.C. § 1981 (Count II), and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, *et seq.* (Count III), and claims of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* (Count IV) and the MHRA (Count V). They seek to certify two classes of individuals:

> **Class A** - consisting of "all minority persons who applied to work as a mechanic and/or machinist at The Boeing Company at its facilities located

in and around St. Louis County and the St. Louis Metropolitan area and were not hired by The Boeing Company," and

**Class B** - consisting of "all persons over the age of 40 who applied to work as a mechanic and/or machinist at The Boeing Company at its facilities located in and around St. Louis County and the St. Louis Metropolitan area and were not hired by The Boeing Company."

## II.    Discussion

Defendant moves to dismiss or strike plaintiffs' class claims for failure to exhaust administrative remedies and for failure to state plausible claims of class-wide relief under Fed.R.Civ.P. 23.  The Court will address these issues in turn.

### A.    Administrative Exhaustion of Class Claims

As a prerequisite to filing suit under Title VII, the ADEA, or the MHRA, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or a comparable state agency.  See 42 U.S.C. §2000e-5(c); 29 U.S.C. §626(d); Mo. Rev. Stat. § 213.075.  After one plaintiff has properly filed an administrative charge, other plaintiffs may join that suit without filing separate charges by "piggybacking" on the original charge.  This is known as the "single filing" rule.  See Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir. 1986) (applying piggybacking to an ADEA claim); Turner v. Sw. Bell Telephone L.P., No. 4:04-CV-1688 (SNL), 2006 WL 903373, at *6 (E.D. Mo. Apr. 7, 2006) (applying Kloos to Title VII and the MHRA).

"The single filing rule has, however, only been read to eliminate the need to file an EEOC charge when the purposes behind the charge-filing requirement have been met."  Bettcher v. Brown Sch., Inc., 262 F.3d 492, 495 n.3 (5th Cir. 2001).  The purpose of an administrative charge is twofold.  First, the charge provides the state agency or the EEOC with information and the opportunity to negotiate an end to the unlawful practices through informal methods of conciliation.  Kloos, 799 F.2d at 400.

Second, the charge notifies the employer of the claims against it and its exposure to liability.  Id.  Thus, for a single administrative charge to serve as the basis for a class action, it must "allege class-wide… discrimination or claim to represent a class." Id. The charge must "fairly anticipate class claims" in order to satisfy the notice and conciliation purposes of the filing requirement.  Id.

In the instant case, each named plaintiff filed an individual administrative charge.  These charges do not indicate that plaintiffs sought to address a widespread problem or represent a class.   Instead, each charge refers only to individual grievances.  See, e.g., EEOC charge of plaintiff  Tony Bailey [Doc. # 10-1] ("I am a 49 year old African American . . . I applied for six positions ranging from tooling mechanic to supply chain specialist.  Despite being qualified for all the positions I was not hired for any of them . . . I believe I have been discriminated against . . .").  Plaintiffs point out that they named one another as "similarly situated individuals" on their EEOC intake questionnaires.  Plaintiffs argue that these questionnaires should count as part of their administrative charges, and that naming two other individuals in a charge is sufficient to support a class action under the single filing rule.  The Court is not convinced that plaintiffs' questionnaires should be considered a component of their charges.  Compare Fed. Express Corp. v. Holowecki, 552 U.S. 389, 404 (2008) (concluding, in an ADEA case, that an EEOC intake questionnaire accompanied by a detailed affidavit describing the alleged discriminatory practice constituted a "charge") with Kristensen v. Greatbatch, No. 11-3318 (MJD/TNL), 2012 WL 4479244, at *5 (D. Minn. Sept. 28, 2012) (holding that, in the context of Title VII claims, "when Plaintiff has filed a timely EEOC Charge… the Questionnaire cannot be used to satisfy the requirement that she exhaust administrative remedies for other claims.").  Even if the

Court were to consider the questionnaires, a charge that names two other individuals who filed separate administrative complaints by no means provides notice to the agency or the employer sufficient to support the class claims plaintiffs wish to pursue. See Kloos, 799 F.2d at 401 (finding that three administrative filings did not provide notice of class-wide discrimination to the agency or the employer).

Plaintiffs argue that Kloos applies only to opt-in class actions under the ADEA, and not to opt-out classes under Title VII. The Court has rejected this limited reading of Kloos. See Turner, 2006 WL 903373, at *6. The ADEA and Title VII require administrative exhaustion for the same reasons - to provide the employer with notice and the agency with the opportunity to engage in conciliation. "It is obvious, therefore, that Kloos and its progeny are applicable, not only to the ADEA opt-in class claims, but to Title VII opt-out class claims as well." Id.

In conclusion, plaintiffs cannot benefit from the single filing rule, because their administrative filings failed to apprise the agencies or the defendant of potential class claims. Accordingly, plaintiffs' class claims under Title VII, the ADEA, and the MHRA will be stricken from the amended complaint.[1]

### B. Sufficiency of Class Claims under Rule 23

The only remaining class claim is one of race discrimination under Section 1981. Defendant argues that this claim should be dismissed prior to any class discovery or motion to certify a class, because plaintiffs have failed to state a plausible claim for class-wide relief. When a defendant moves to dismiss class allegations prior to discovery, the court should evaluate the motion under a standard similar to that of Fed.R.Civ.P. 12(b)(6). See Ladik v. Wal-Mart Stores, Inc., No. 13-CV-123-BBC, 2013

---

[1] This holding does not affect plaintiffs' individual claims under these statutes, nor does it impact plaintiffs' class claim under Section 1981.

WL 2351866, at *7 (W.D. Wis. May 24, 2013) (citations omitted).  "Under that standard, the plaintiffs' allegations must 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "In the context of a determination under Rule 23, the question is whether plaintiffs' allegations are sufficient to show that it is plausible that plaintiffs will be able to satisfy the Rule 23 requirements after conducting discovery." Id.  Defendant also moves to strike plaintiffs' class allegations under Fed.R.Civ.P. 12(f), which allows a court to strike immaterial matter from the complaint, and Fed.R.Civ.P. 23(d)(1)(D), which allows the Court to require pleadings to be amended to eliminate allegations about absent persons.

Federal Rule of Civil Procedure 23 sets forth the requirements that must be met for class certification.  First, under Rule 23(a), the party seeking to certify a class must show that:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2548 (2011) (quoting Fed.R.Civ.P. 23(a)).  The party must also demonstrate that at least one of three requirements listed in Rule 23(b) is satisfied.  In this case, plaintiffs seek to satisfy Rule 23(b)(3), and show that "questions of law or fact common to class members predominate over any questions affecting only individual members . . . "

"[I]t is a rare case in which it is clear from the pleadings that the plaintiffs may not proceed as a class...." Ladik, 2013 WL 2351866, at *11 (dismissing class allegations prior to discovery because plaintiffs sought to certify a class on a theory

materially indistinguishable from the one rejected by the Supreme Court in <u>Wal-Mart v. Dukes</u>, 131 S.Ct. at 2522).  This is not such a case.  Defendant asserts that it is evident from pleadings that plaintiffs cannot satisfy the commonality requirement as refined by the Supreme Court in <u>Dukes</u>, 131 S.Ct. at 2522, and that plaintiffs will not be able to produce any "glue" to hold together the reasons for defendant's failure to hire class members.  At this stage, the Court simply does not have enough information about defendant's hiring policies, practices, and procedures to determine if this is so.

Defendant also argues that plaintiffs cannot show "typicality," which requires a "demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." <u>Donald v. Pillsbury Co.</u>, 554 F.2d 825, 830 (8th Cir. 1977).  Defendant points to <u>Chaffin v. Rheem Mfg. Co.</u>, 904 F.2d 1269, 1275 (8th Cir. 1990), which affirmed the denial of a motion to certify a class when plaintiff's only evidence of similarly situated individuals was anecdotal and statistical evidence of race discrimination, and the names of one or two other black employees who believed they also suffered discrimination on the basis of race.  This case is unpersuasive as it was decided after plaintiff had the opportunity to conduct class discovery.  Prior to discovery, the inability to identify more than a few other similarly situated persons is neither surprising, nor fatal to plaintiffs' class claims.

Finally, defendant argues that individualized damages calculations would overwhelm any common questions of fact or law, precluding a showing of "predominance" under Rule 23(b)(3).  At this stage, it is not clear whether individual or common issues predominate.  Indeed, "[c]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damages issues." <u>Roberts v. Source for Pub. Data</u>, No. 2:08-cv-4167-

NKL, 2009 WL 3837502, *6 (W.D. Mo. Nov. 17, 2009) (quoting Newberg on Class Actions, § 4.25).

This is not one of those rare cases in which it is evident from the pleadings that plaintiffs have failed to state even a plausible claim of class relief.  Accordingly, defendant's motion to dismiss plaintiffs' class claims on this ground will be denied. Because the only class claim remaining in this case is that of race discrimination under 42 U.S.C. § 1981, the Court will only entertain a motion to certify plaintiffs' proposed Class A.

\*  \*  \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or strike plaintiffs' class claims [Doc. #9] is **granted** as to plaintiffs' class claims of race and age discrimination under Title VII, the ADEA, and the MHRA, and **denied** with respect to plaintiffs' class claim of race discrimination under 42 U.S.C. § 1981.

**IT IS FURTHER ORDERED** that plaintiffs' second motion for extension of time to respond to defendant's motions to dismiss [Doc. #15] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of October, 2013.