UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HULITT SHERRARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1015-CEJ |
| ) | |
| THE BOEING CO., ) | |
| ) | |
| Defendant. ) | |

_____

| | |
|---|---|
| LISA SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-14-CEJ |
| ) | |
| THE BOEING CO., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motions to compel defendant to produce certain documents, pursuant to Fed. R. Civ. P. 37(a)(3)(B). The motions are filed in two related cases, *Sherrard v. Boeing Co.*, No. 4:13-CV-1015-CEJ (hereinafter, "*Sherrard*") and *Simpson v. Boeing Co.*, No. 4:14-CV-14-CEJ (hereinafter, "*Simpson*"). Defendant has responded in opposition, and the issues are fully briefed.

**I. Background**

**a. The Complaints**

On May 24, 2013, three plaintiffs, Tony Bailey, Hulitt Sherrard, and Demonicel Jackson, all African-American men over the age of forty, brought an employment discrimination action on behalf of a putative class of similarly situated

persons against defendant The Boeing Company. [*Sherrard*, Doc. #1] Those plaintiffs were granted leave to file an amended complaint on October 28, 2013. [*Sherrard*, Doc. #27] The Court also granted in part defendant's motion to dismiss the same day, striking several putative class claims from the amended complaint. [*Sherrard*, Doc. #26] On July 24, 2015, Bailey's claims were dismissed with prejudice in accordance with a joint stipulation for dismissal, pursuant to Fed. R. Civ. P. 41(a)(2). [*Sherrard*, Doc. #48]

Jackson and Sherrard claim that they and other similarly situated individuals were rejected for numerous open positions to which they applied at defendant's facilities in the "St. Louis metropolitan area." *Sherrard Am. Compl.* ¶ 34. They contend that defendant instead hired less qualified or equally qualified white or younger, or both, applicants to fill those posts. Following the grant of partial dismissal, Jackson and Sherrard's remaining individual claims are that defendant thus discriminated against them on the basis their race or age, or both, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623 *et seq.* Jackson and Sherrard further allege that defendant's refusal to hire them on the basis of their race or age, or both, violated the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010 *et seq.* Their sole remaining claim on behalf of the putative class is that defendant discriminated against the members of the putative class on the basis of their race, in violation of 42 U.S.C. § 1981.

In Jackson and Sherrard's amended complaint, they assert that, "[v]enue is proper within this district because the unlawful practices complained of herein occurred within the counties of the State of Missouri comprising the Eastern District

of Missouri." *Sherrard Am. Compl.* ¶ 5. Sherrard also alleges, however, that his claims arose, in part, from defendant having rejected him for a position as an assembly mechanic. *Id.* ¶ 21. It is undisputed that the assembly mechanic position was located in defendant's facility in St. Clair County, Illinois.

On January 3, 2014, plaintiff Lisa Simpson, an African-American woman over the age of forty, brought a separate action on behalf of a putative class of similarly situated persons against the same defendant. Like Jackson and Sherrard, Simpson claims that she and other similarly situated individuals were rejected for numerous positions at defendant's facilities in the "St. Louis metropolitan area." *Simpson Compl.* ¶ 30. Simpson alleges that defendant instead hired less qualified younger, white, and male (or some combination thereof) applicants to fill those positions. She asserts that defendant discriminated against her and the putative class on the basis of their race, age, and gender, in violation of Title VII, 42 U.S.C. § 1981, the ADEA, and the MHRA.

In her complaint, Simpson asserts that, "[v]enue is proper within this district because the unlawful practices complained of herein occurred within the counties of the State of Missouri comprising the Eastern District of Missouri." *Id.* ¶ 5. Simpson also alleges, however, that her claims arise, in part, from defendant having rejected her application for the St. Clair position. *Id.* ¶ 22(c).

### b. The Charges of Discrimination

Before filing suit in July 2012, Jackson and Sherrard filed charges of discrimination with the Missouri Commission on Human Rights (MCHR). At Jackson and Sherrard's request, those charges were then forwarded to the Equal Employment Opportunity Commission (EEOC). In the charges, they alleged race

3

and age discrimination claims against defendant. Among Sherrard's allegations was that defendant discriminated against him when it hired "less qualified younger Caucasians" instead of him for the St. Clair position, which he had applied to on January 20, 2012. [*Sherrard*, Doc. #12-3] On August 24, 2012, the defendant responded to an EEOC inquiry about Sherrard's charge by providing information concerning applicants to St. Clair position. [*Sherrard*, Doc. #49-1 at 2–3]

On July 18, 2012, Simpson also filed a charge of discrimination with the MCHR, which was then forwarded to the EEOC at her request. She alleged race, sex, and age discrimination claims against defendant. Among other things, she contended that defendant discriminated against her when it hired a younger white male instead of her for the St. Clair position. [*Simpson*, Doc. #12-1 at 2] Defendant's August 30, 2012, response to the MCHR's inquiry into Simpson's charge provided information regarding applicants to St. Clair position. [*Simpson*, Doc. #44-1 at 2–3]

### c. Discovery

A combined Case Management Order setting forth deadlines for pre-class certification Phase I discovery was issued on July 17, 2014. At the parties' request, on December 17, 2014, and again on May 8, 2015, the Court amended the Case Management Order to extend the deadline for Phase I discovery. The deadline was most recently extended to August 12, 2015.

Sherrard and Simpson's (hereinafter referred to collectively as "plaintiffs") identical Interrogatory No. 16 requested defendant produce the following information: "For each job opening that [plaintiffs] applied for from January 1, 2012 to current, please state with specificity the reason the successful applicant

4

was chosen over [plaintiffs]. If such reason is that the applicant was more experienced, please identify the specific experience each successful applicant possessed." [*Sherrard*, Doc. #50-1 at 2; *Simpson*, Doc. #41-13 at 1] It is undisputed that Sherrard applied for the St. Clair position on January 20, 2012, and he was rejected. It is also undisputed that Simpson applied for the St. Clair position on March 14, 2012, and she was similarly rejected.

Yet, in response to Interrogatory No. 16, defendant did not identify Sherrard's application for the St. Clair position in its initial response. Instead defendant provided an incomplete answer, identifying only that Sherrard had applied to two positions in St. Louis after January 1, 2012. [*Sherrard*, Doc. #50-1 at 2–3] Similarly, defendant did not identify Simpson's application for the St. Clair position in its initial response. Instead defendant again provided an incomplete answer, identifying only that Simpson had applied to four positions in St. Louis after January 1, 2012. [*Simpson*, Doc. #41-12] In both responses, defendant implicitly admitted that its answers were incomplete; it committed itself to "further respon[d]," specifically to "produc[ing] responsive, non-privileged documents from which a further response to Interrogatory No. 16 can be derived," pursuant to "Federal Rule of Civil Procedure 33(d)." [*Sherrard*, Doc. #50-1 at 2–3; *Simpson*, Doc. #41-12]

Defendant produced to plaintiffs nearly 20,000 documents. In response to Interrogatory No. 16, and consistent with the parties' continued negotiations during discovery, defendants produced redacted versions of the resumes of individuals who were hired for positions at several of defendant's facilities in the St. Louis

metropolitan area. Defendant redacted applicants' names from the resumes, and plaintiffs subsequently sought unredacted versions of the resumes.

On July 29, 2015, defendant informed plaintiffs that it would supplement its production to Interrogatory No. 16 with "electronic copies of resumes for all the people hired for the requisitions placed at issue by the complaints in the *Sherrard* and *Simpson* cases." [*Simpson*, Doc. #41-5 at 1] The next day, defendant produced unredacted versions of the resumes of hires for all but the St. Clair position. Five days later, on August 5, having discovered during their review of the supplemental production that the resumes of those persons hired for the St. Clair position were not produced, plaintiffs requested defendant turn over those withheld resumes. The next day, defendant responded that it was unwilling to produce those resumes because, in its view, "[p]laintiffs limited their claims to only Missouri requisitions[.]" [*Simpson*, Doc. #41-8] The defendant took this position despite the fact that during Simpson's deposition in June of 2015, defendant's counsel asked Simpson at least a dozen questions about the St. Clair position mentioned in her complaint. [*Simpson*, Doc. #41-10]

On August 7, the parties met to depose one of defendant's employees, at which time they discussed their relative positions on the production dispute. The parties did not reach agreement on the production dispute at the deposition, [*Simpson*, Doc. #41-11], nor during an e-mail exchange later that day. [*Simpson*, Doc. #41-12] Defendant insisted on August 7 that it has "always understood these cases to be [about] Missouri jobs only . . . ." *Id.*

Having reached an impasse in their attempts to resolve the discovery dispute without court intervention, on August 14, 2015, Simpson filed the instant motion to

6

compel, and Sherrard did the same four days later. They seek an order compelling the defendant to produce unredacted resumes for all persons hired for the St. Clair position after January 1, 2012. [*Sherrard*, Doc. #49; *Simpson*, Doc. #41]

## II. Legal Standard

Rule 37(a)(3)(B)(iii), Fed. R. Civ. P., permits a party seeking discovery to "move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33[.]" Rule 37(a)(4) further provides that an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Rule 33(a)(2) authorizes interrogatories "relate[d] to any matter that may be inquired into under Rule 26(b)." Rule 33(d) permits a party to complete its answer to an interrogatory by producing documents: "If the answer to an interrogatory may be determined by examining . . . a party's business records . . . , the responding party may answer by . . . giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Rule 26(b) in turns governs the scope of discoverable material that may be inquired into by interrogatory or otherwise. Rule 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence . . . .

7

Subject to those rules, a court "has broad discretion with regard to discovery motions," and a decision on a discovery motion will be upheld "unless, considering all of the circumstances, [the] ruling [is] a gross abuse of discretion, resulting in a fundamental unfairness at trial." *United States v. Washington*, 318 F.3d 845, 857 (8th Cir. 2003) (quotation marks and citation omitted); *see In re Baycol Prods. Litig.*, 596 F.3d 884, 888 (8th Cir. 2010). To that end, all three Case Management Orders issued in these cases provide as follows:

> Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than fifteen (15) days following the event (e.g., failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.

### III. Discussion

#### a. Timeliness

Defendant first argues that the motions are untimely because they were filed more than 15 days after the event that gave rise to the motions. As set out above, defendant agreed to produce documents responsive to Interrogatory No. 16. pursuant to Rule 33(d). The parties then diligently embarked on negotiations with respect to the redaction of the resumes and the production of the St. Clair resumes. The parties did what they were supposed to do—confer in good faith in an attempt to resolve their discovery dispute without judicial intervention. *See* Fed. R. Civ. P. 37(a)(1); E.D. Mo. L.R. 3.04(A). It was not until August 6 that it became clear that they were at an impasse. The Court finds that the instant motions—filed on August 14 and 18—were timely.

### b. Rule 33(d)

Defendant also argues that the motions are improper because plaintiffs seek to compel production of materials they never requested under Rule 34. The instant motions are based on defendant's failure to answer Interrogatory No. 16 completely, not on defendant's failure to produce documents pursuant to Rule 34. Rule 33(d) permits a party to complete its answer to an interrogatory by producing documents in lieu of a written response. Regardless of how a party chooses to respond, however, it is obligated to respond completely to the interrogatory in question. *See* Fed. R. Civ. P. 37(a)(4).

Here, in response to Interrogatory No. 16, defendant stated unequivocally that it was opting to "produce responsive, non-privileged documents from which a further response to Interrogatory No. 16 can be derived," pursuant to "Federal Rule of Civil Procedure 33(d)." [*Sherrard*, Doc. #50-1 at 2–3; *Simpson*, Doc. #41-12] Thus, defendant implicitly admitted that its answer to the interrogatory was incomplete as written. In lieu of providing a complete answer, defendant availed itself of the option to produce documents from which the answer could be ascertained. When defendant did not produce the documents or supplement its answer to the interrogatory, it failed to respond completely. To complete its response, defendant was obligated to furnish written responses, unredacted resumes, or other documents regarding persons hired for the St. Clair position, because Sherrard and Simpson both applied to that position after January 1, 2012. Thus, the documents plaintiffs seek are squarely within the ambit of defendant's election to respond by a Rule 33(d) production, which production remains incomplete, and Rule 34 has no bearing on the instant motions.

### c. Scope of the Claims

Finally, defendant argues that the St. Clair position is outside the scope of plaintiffs' claims. The Court disagrees for several reasons. First, plaintiffs' administrative charges of discrimination unequivocally state that defendant discriminated against them when they applied but were rejected for the St. Clair position. Defendant was thus on notice from the dates plaintiffs' filed their charges with the MCHR and EEOC that defendant's hiring practices in its St. Clair County, Illinois facility were at issue.

Second, that plaintiffs initially filed those charges with the MCHR, not the EEOC, is irrelevant. Plaintiffs live in Missouri, so it was natural for them to file here, particularly because some of their claims were based on Missouri's antidiscrimination laws. But the administrative charges alleged discrimination on the basis of federal law as well. And it is undisputed that plaintiffs requested that their charges be forwarded to and filed with the EEOC for federal investigation. Further, their charges were indeed presented to the EEOC, in accordance with the work-sharing agreement between the MCHR and the EEOC. *See Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 850–51 (8th Cir. 2011). Thus, the fact that plaintiffs initially filed their charges with the MCHR instead of the EEOC does not support defendant's contention that plaintiffs did not assert federal employment discrimination claims with regard to the St. Clair position.

Third, defendant was on notice that the St. Clair position was at issue when these lawsuits were filed. In the amended complaint, Sherrard alleges that his claims arose, in part, from defendant having rejected him for a position as an

assembly mechanic—an undisputed reference to the St. Clair position. *Sherrard Am. Compl.* ¶ 21. In her complaint, Simpson specifically alleges that she was rejected for the St. Clair position. *Simpson Compl.* ¶ 22(c). Relatedly, as with their charges to the MCHR and EEOC, the fact that plaintiffs asserted some Missouri antidiscrimination law claims in their complaints is not dispositive of whether they raised federal antidiscrimination law claims with regard to the St. Clair position in Illinois.

Fourth, the Court is unconvinced that defendant did not know the St. Clair position was at issue in these cases. Defendant confirmed that the position was at issue when it produced reports in 2012 to rebut plaintiffs' charges of discrimination, reports in which it provided information about persons hired for the St. Clair position. The defendant confirmed that understanding again at Simpson's deposition in June of 2015 when its counsel asked Simpson at least a dozen questions about the St. Clair position. Defendant cannot now claim that it has always believed the St. Clair position was outside the scope of the lawsuits when it has repeatedly attempted to defend against the claim that its hiring practices for that position were discriminatory.

Finally, defendant claims that by asserting venue is proper in this district, plaintiffs necessarily limited their claims to defendant's employment practices in Missouri. The federal venue statute, 28 U.S.C. § 1391, provides only the prerequisites for venue. It is axiomatic that venue may be proper in more than one district, and in more than one state. *See, e.g.*, *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). Thus, it does not follow that because plaintiffs asserted venue was proper in this district (*i.e.*, that "a substantial part of the events" occurred in

Missouri, 28 U.S.C. § 1391(b)(2)) plaintiffs were necessarily asserting that their claims arose out of Missouri alone.

*****

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the motion to compel in *Sherrard v. Boeing Co.*, No. 4:13-CV-1015-CEJ, [Doc. #49] is **granted**.

**IT IS FURTHER ORDERED** that the motion to compel in *Simpson v. Boeing Co.*, No. 4:14-CV-14-CEJ, [Doc. #41] is **granted**.

**IT IS FURTHER ORDERED** that, no later than **October 28, 2015**, defendant shall supplement and complete its response to Interrogatory No. 16 by producing to plaintiffs copies of the unredacted resumes of all persons hired for a position as an assembly mechanic at defendant's facility in St. Clair County, Illinois, from January 1, 2012, to the present.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2015.